IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:11-MJ-1082-DAN

| | | |
|---|---|---|
| STATE OF NORTH CAROLINA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SIDNEY MICHAEL LEDGESTER, | ) | |
| | ) | |

This matter is before the Court for disposition of a Notice of Removal [DE-1].

## STATEMENT OF FACTS

Sidney Michael Ledgester ("Ledgester") filed a Notice of Removal [DE-1] with the Court on May 31, 2011. In it, Ledgester indicated that he wished to remove an action from the North Carolina General Court of Justice, District Court Division, Edgecombe County, to this Court. Notice of Removal at 2 [DE-1]. The caption references Edgecombe County case numbers 11CR050194 and 11CR050195, both criminal cases currently proceeding against Ledgester in Edgecombe County which involve counts of breaking and entering, injury to real property, first degree trespass, and resisting a public officer. *Id.* at 1, 3. Ledgester also appears to wish to add as parties to this action "D Coley" and the Edgecombe County Sherriff's Office. *Id.* at 2.

Ledgester alleges that, on or about January 19, 2011, "D Coley" and "unknown assistants operating as Edgecombe County Sheriffs" disregarded a "DO NOT TRESPASS" sign and "proceeded to attack, injure, oppress, threaten, intimidate, and ultimately kidnap" Ledgester "through the use of unnecessary force, pepper spray, and man power." *Id.* at 2. Ledgester alleges that these actions were in violation of 18 U.S.C. § 241 and § 242. As a result of these alleged constitutional violations, Ledgester asks that the Court award punitive damages, general damages, and "just compensation for trespass fees." *Id.* at 4.

## ANALYSIS

Criminal removal jurisdiction is quite narrow and there exist only limited circumstances under which a state criminal prosecution may be removed to federal district court. *See* 28 U.S.C. §§ 1442, 1442a, 1443. Section 1442 applies to prosecutions proceeding in state court against federal officers or agents, Section 1442a to members of the armed forces, and Section 1443 to prosecutions involving laws which provide for equal civil rights. *Id.* A notice of removal must contain a short and plain statement of the grounds for removal, a copy of all process, pleadings, and orders served to date, and must be brought "not later than 30 days after the arraignment in the State court" unless good cause is shown. 28 U.S.C. § 1446(a), (c)(1). The proper disposition upon a federal district court's determination that removal is impermissible is to remand the case to the originating state court. *See* 28 U.S.C. § 1446(c)(4).

Here, Section 1442 and 1442a are clearly inapplicable as Ledgester has not alleged that he is a federal officer/agent or a member of the armed forces. Further, Section 1443 is inapplicable because, although Ledgester appears to be attempting to assert civil rights issues in his notice of removal, his state court criminal prosecution is for counts of breaking and entering, injury to real property, first degree trespass, and resisting a public officer, none of which have any relation to civil rights. *See generally City of Greenwood, MS v. Peacock*, 384 U.S. 808, 827-28 (1966). In addition, Ledgester has indicated that state court charges were filed against him on or about January 19, 2011. Notice of Removal at 3. Though the interim proceedings of the case are not entirely clear, it appears to the Court that Ledgester's state court criminal charges are in fact currently on appeal to the North Carolina General Court of Justice, Superior Court Division, Edgecombe County. Therefore, Ledgester has not clearly filed his notice of removal within the 30 day time limit proscribed by Section 1446(c)(1). Finally, though Ledgester has attached some

amount of documentation to his notice of removal, it does not appear to constitute "all process, pleadings, and orders served" as required by 28 U.S.C. § 1446(a).

Therefore, because Ledgester's attempted removal of a state court prosecution does not meet the substantive requirements of 28 U.S.C. §§ 1442, 1442a, or 1443 and fails to satisfy the administrative prerequisites of 28 U.S.C. § 1446, this Court concludes that it has no jurisdiction over this case as it has been removed by Ledgester. Accordingly, the case is hereby remanded to the North Carolina General Court of Justice, District Court Division, Edgecombe County for further proceedings. The Court does note that it remains possible that Ledgester possesses a non-frivolous *civil* claim. To the extent that he wishes to file a civil action alleging violation of his constitutional or civil rights, he is of course free to do so.

## CONCLUSION

For the foregoing reasons, the Court finds that Ledgester is not entitled to removal of his criminal prosecution from state to federal court. Accordingly, it is hereby **ORDERED** that Edgecombe County case numbers 11CR050194 and 11CR050195 be **REMANDED** to the North Carolina General Court of Justice, District Court Division, Edgecombe County for further proceedings.

This the 28th day of June, 2011.

DAVID W. DANIEL
United States Magistrate Judge